CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BILLY ROBERT CHAFIN, ) | |
|     Plaintiff, ) | Civil Action No. 7:23-cv-00455 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CRYSTAL LARGE, *et al.*, ) |     Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Billy Robert Chafin, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The defendants, Crystal Large, LNP, and Wexford Health Sources, Inc., move to dismiss (Dkt. No. 16), and Chafin responded (Dkt. No. 20). Defendants' motion will be granted.

I. BACKGROUND

In his amended complaint, Chafin alleges that his constitutional rights were violated while he was detained at the Southwest Virginia Regional Jail in Duffield, Virginia. (Am. Compl., Dkt. No. 9.) He claims that he "kept asking for help with my back" and for injections in his spine. (*Id.* at 2.) He signed paperwork for Ms. Large to obtain his file from the United States Department of Veteran Affairs. However, Large laughed at him in front of a nurse and a correctional officer. Chafin asks for $250,000 for pain, suffering, and punitive damages for a situation that "went on for months." (*Id.* at 3.)

II. ANALYSIS

**A. Motion to Dismiss**

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most

favorable to the plaintiff. *Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

B. **Deliberate Indifference**

The standard required to state a constitutional claim under the Eighth Amendment for medical care is deliberate indifference. If one is deliberately indifferent to the serious medical needs of a prisoner, resulting in the unnecessary and wanton infliction of pain, that violates the

Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 204 (1976).  Mere negligence in diagnosing or treating a medical condition is not sufficient to state an Eighth Amendment claim.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Id.* at 106.  Rather, one alleging deliberate indifference must allege facts sufficient to establish two prongs: (1) the existence of an objectively serious medical condition and (2) that the defendant subjectively knew of the medical condition and knew that his action or inaction created an excessive risk to the patient's well-being.  *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021).  The second prong requires actual knowledge that the patient needs care for a serious medical need but choosing to ignore the need.  *Id.*

Under the first prong, Chafin's allegations are not sufficient to establish the existence of an objectively serious medical condition.  His vague reference to back pain is not sufficient to identify a medical need that is so "obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).  Chafin has not identified any medical need or injury with enough specificity to plausibly allege an Eighth Amendment violation.

Second, Chafin does not plausibly allege that defendants were deliberately indifferent to plaintiff's medical need.  He does not allege, for example, that he was ignored after submitting sick call requests, or that defendants wrongfully withheld injections or other treatments ordered by a physician.  Instead, he alleges only that he wanted a spinal injection and defendants did not honor his request.

In his response to the motion to dismiss, Chafin has provided more detail and color to his allegations of deliberate indifference.  (Dkt. No. 20.)  However, he cannot amend his complaint through his brief opposing the motion to dismiss.  *See Davis v. Mabus*, 162 F. Supp. 3d 467, 482

(D. Md. 2016) (citing *So. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013)).  However, the court will grant Chafin one more opportunity to remedy the deficiencies in his amended complaint.

### III.  CONCLUSION

The court will grant the motion to dismiss, with leave to amend, in an appropriate order.

Entered: March 14, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge